18-2751-cr
United States v. Choudhry

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 11th day of May, two thousand twenty.

PRESENT:  RAYMOND J. LOHIER, JR.,
JOSEPH F. BIANCO,
MICHAEL H. PARK,
*Circuit Judges.*

------------------------------------------------------------------

UNITED STATES OF AMERICA,

*Appellee*,

v.                                                                No. 18-2751-cr

MOHAMMAD AJMAL CHOUDHRY,

*Defendant-Appellant*.

------------------------------------------------------------------

FOR DEFENDANT-APPELLANT:         JOSHUA L. DRATEL, Joshua L. Dratel, P.C., New York, NY.

FOR APPELLEE:                          MARGARET E. GANDY,
                                       Assistant United States
                                       Attorney (Amy Busa, Richard
                                       M. Tucker, Assistant United
                                       States Attorneys, *on the brief*),
                                       *for* Richard P. Donoghue,
                                       United States Attorney for the
                                       Eastern District of New York,
                                       Brooklyn, NY.

Appeal from an order of the United States District Court for the Eastern District of New York (William F. Kuntz, II, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the order of the District Court is AFFIRMED.

Mohammad Ajmal Choudhry appeals from an order of the District Court (Kuntz, J.) denying his motion for a new trial pursuant to Rule 33 of the Federal Rules of Criminal Procedure.   In 2015 the District Court entered a judgment convicting Choudhry, following a jury trial, of conspiracy to commit murder in a foreign country, in violation of 18 U.S.C. § 956(a)(1) and (a)(2)(A); fraud and misuse of a petition for alien relative, in violation of 18 U.S.C. § 1546(a); and transmission of threats to injure, in violation of 18 U.S.C. § 875(c).   After this Court affirmed Choudhry's convictions on direct appeal, <u>see</u> <u>United States v.</u>

2

*Choudhry*, 649 F. App'x 60 (2d Cir. 2016), Choudhry moved for a new trial based on what he characterized as newly discovered evidence.   The District Court denied Choudhry's motion, concluding that much of the evidence that he submitted was not newly discovered and that the evidence was not likely to have resulted in an acquittal had it been presented at trial.   On appeal, Choudhry challenges both conclusions and argues that the District Court erred in denying his motion for a new trial.   We assume the parties' familiarity with the underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision to affirm.

"We review for abuse of discretion a district court's denial of a Rule 33 motion for a new trial."   United States v. Forbes, 790 F.3d 403, 406 (2d Cir. 2015). The standard for obtaining relief under Rule 33 is well established.   See id. at 406–07.   We have explained that "[i]n deciding a Rule 33 motion, [t]he test is whether it would be a manifest injustice to let the guilty verdict stand."   United States v. James, 712 F.3d 79, 107 (2d Cir. 2013) (quotation marks omitted).

Choudhry pointed the District Court principally to two sources of evidence that he argued warranted a new trial: (1) "information disclosed at

trials conducted in Pakistan . . . after Mr. Choudhry's U.S. trial had concluded";

and (2) "a Declaration by Amina Ajmal, an indispensable prosecution witness . . .

[that] identifies false testimony by" two other prosecution witnesses.

Appellant's Br. 8. Even assuming that Choudhry could not have obtained this

evidence prior to trial by exercising due diligence, we agree with the District

Court that this evidence, which was largely cumulative of evidence presented in

Choudhry's defense at trial, was not likely to have resulted in an acquittal given

the "overwhelming evidence of [Choudhry's] guilt." Special App'x 24. For

example, the Government adduced evidence at trial showing that in the weeks

leading up to the murder of Shujat Abbas's father and sister, Choudhry told

members of Shujat's family that he would kill them and repeatedly admitted in

recorded conversations with Amina that he was "going to kill [Shujat's] whole

family." App'x 445. Choudhry also called Amina on the day of the murders

and vowed to "not leave a single member of [Shujat's] family alive." Id. at 1190.

In addition, the Government adduced evidence that Choudhry had frequent

contact with his alleged co-conspirators in Pakistan on the days of the murders

and an earlier shooting, and that Choudhry's co-conspirators were at the scene of

4

the murders armed with weapons. Finally, the jury also heard Choudhry's inculpatory post-arrest statements. This overwhelming evidence of Choudhry's guilt persuades us that no "manifest injustice" occurred here. James, 712 F.3d at 107.

For these reasons, the District Court did not abuse its discretion in denying Choudhry's Rule 33 motion for a new trial. We have considered Choudhry's remaining arguments and conclude that they are without merit. For the foregoing reasons, the order of the District Court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court